# NO. 12-11-00220-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JACKIE LAMAR MILES,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *MICHAEL UNIT INFIRMARY (TDCJ),*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction pursuant to Texas Rule of Appellate Procedure 42.3(a). The trial court's judgment was signed on May 27, 2011. Under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. Appellant did not file a motion for new trial. *See* TEX. R. APP. P. 26.1(a) (providing that notice of appeal must be filed within ninety days after judgment signed if any party timely files motion for new trial). Therefore, Appellant's notice of appeal was due to have been filed no later than June 27, 2011. Appellant did not file his notice of appeal until July 11, 2011. Because Appellant's notice of appeal was not filed on or before June 27, 2011, it was untimely, and this court has no jurisdiction of the appeal.

On July 19, 2011, this court notified Appellant, pursuant to Texas Rules of Appellate Procedure 37.1 and 42.3, that his notice of appeal was untimely and there was no timely motion for an extension of time to file the notice of appeal. Appellant was further informed that pursuant to the holding of the Texas Supreme Court in ***Verburgt v. Dorner***, 959 S.W.2d 615 (Tex. 1997), this court would imply a motion to extend time for filing the notice of appeal. Appellant was warned, however, that the appeal would be dismissed unless, on or before July 29, 2011, he provided this court with a written explanation of facts that reasonably explained his

need for an extension of time to file the notice of appeal. *See id*. at 615. The July 29, 2011 deadline has now passed, and we have not received the required written explanation from Appellant.

Because this court is not authorized to extend the time for perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3, the appeal is ***dismissed for want of jurisdiction***. *See* TEX. R. APP. P. 42.3(a).

Opinion delivered August 3, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)